```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

CLAUDE A. GREEN                    §
                                   §
VS.                                §  CIVIL ACTION NO. 4:13-CV-118-Y
                                   §
WALT RUCKER, Captain,              §
Palo Pinto County, Texas, et al.   §

          OPINION and ORDER OF PARTIAL DISMISSAL UNDER
28 U.S.C. § 1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(ii)

This case is before the Court for review of pro-se plaintiff Claude A. Green's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Although Green filed suit while he was an inmate at the Palo Pinto County jail, he subsequently provided an address to the Court indicating that he was no longer incarcerated.[1] Because he was a prisoner when he filed this suit, however, the pleadings are still subject to review under the provisions of 28 U.S.C. § 1915A.[2]

Green, then an inmate at the Palo Pinto County jail, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983.

---

[1] Green has provided to the clerk of Court a new street address in Fort Worth, Texas.

[2] *See Jaros v. Illinois Dep't of Corrections,* 684 F.3d 667, 669 n.1 (7th Cir. 2012)("On appeal [Jaros] argues that it was error to screen his complaint under § 1915A because he was no longer a 'prisoner' as defined by 28 U.S.C. § 1915(h). This argument fails because 'prisoner' status under the PLRA turns on whether the plaintiff was confined when the suit was filed. *Witzke v. Femal,* 376 F.3d 744, 750 (7th Cir. 2004)); *see also Andrews v. Gunter,* CA No. 06-1438, 2007 WL 1154108, at *4 n.3 (W.D. La. March 29, 2007)("The nature of a complaint is determined by the status of the plaintiff at the time of filing, which is the "triggering event" which imposes the PLRA (Prison Litigation Reform Act, P.L. No. 104-134, 110 Stat. 1321 (1996)) provisions on prisoners, but not on non-prisoners. *See Haynes v. Scott,* 116 F.3d 137 (5th Cir. 1997). Plaintiff was a prisoner when he filed this complaint therefore, this civil rights suit is subject to the terms of the PLRA's screening provisions (28 U.S.C. § 1915 and 1915A) despite plaintiff's subsequent release), *rep. and rec. adopted, in part,* 2007 WL 1154106 (April 18, 2007).

He named as defendants Walt Rucker, captain, Palo Pinto County jail; Gregg Doyle, lieutenant, Palo Pinto County jail; Diana Gonzales, corporal, Palo Pinto County jail, and John Murman, officer, Palo Pinto County jail. (Compl. Style; § IV(B).)  The Court directed Green to filed a more definite statement.  He did so and thus, the complaint and more definite statement are subject to review. Green seeks punitive damages of $10,000 each from defendants Rucker and Doyle, and $5,000 each from defendants Gonzales and Murman. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3]  Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4]  Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a

---

[3]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

2

responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[7] After review of the complaint and more definite statement, the court concludes that Green's claims against defendant Gonzales must be dismissed, but that Plaintiff will be allowed to obtain service of process on the remaining claims.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[8] As to defendant Gonzales, Plaintiff's allegations fail to satisfy the first element. As to this defendant, although Green has not articulated a constitutional violation, the Court assumes he is alleging infringement of either his constitutional right of access to courts or his First Amendment right to free speech.[9] But in order to state

---

[6] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[7] *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[8] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[9] *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (legal mail tampering claim implicates both right of access to courts and right to free speech); *Brewer v. Wilkinson,* 3 F.3d 816, 819 (5th Cir. 1993),*cert. den'd,* 510 U.S. 1123 (1994)(same); *see generally Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances"); *Bounds v. Smith,* 430 U.S. 817, 819-20 (1977)(recognizing prisoners constitutional right of access to courts).

a claim for interference with access to courts, a Plaintiff must allege that he suffered some actual injury.[10] Similarly, in order to support a claim for interference with the right to free speech based on the handling of legal mail, a claimant must do more than allege simply that his legal mail was opened and inspected outside of his presence.[11] The United States Court of Appeals for the Fifth Circuit recently restated that "[t]he opening of incoming legal mail outside an inmate's presence for the purpose of inspecting for contraband does not violate a prisoner's constitutional rights."[12]

As to defendant Gonzales, Green alleges that after she provided him envelopes and he placed his papers in the envelopes to be delivered to the court on Thursday February 7, 203, those papers were not mailed out until February 11, 2013. (MDS at 1.) Green alleges that, after he filed a grievance about the matter:

> They tried to make me think that this mail had to be at the post office all of this time, which I know is not true, which leads me to believe that my legal mail had

---

[10] *Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir. 1998); *see also Nwaebo v.Reno,* No. CIV. A. 95-7306, 1996 WL 421961, at *4,(July 18, 1996)(applying *Lewis v. Casey's* actual-injury requirement to a prisoner's claim that his constitutional right of access to courts was infringed by the opening of his legal mail), *aff'd,* 124 F.3d 188 (3rd Cir. 1997).

[11] *See Walker,* 4 F.3d at 413 (allegation that incoming mail was opened and read, but not censored, did not state a constitutional violation); *Brewer,* 3 F.3d at 824(noting that allegations that mail was opened and inspected outside inmates presence [and in violation of prison regulation], without additional allegation that such practice affected the inmates ability to prepare or transmit a document, or allegation that the mail had been "censored," did not state a cognizable constitutional claim)(citing *Thornburgh v. Abbott,* 490 U.S. 401, 410 (1989) and *Turner v. Safley,* 482 U.S. 78, 87 (1987)).

[12] *Clemons v. Monroe,* 423 Fed. Appx. 362, 364 (5th Cir.)(citing *Brewer,* 3 F.3d at 825), *cert. den'd,* 132 S.Ct. 764 (2011).

4

> been tampered with by Captain Rucker and Lieutenant Doyle and that they gave the order to Corporal D. Gonzales to hold my mail so they would have time to tamper with it; causing the charge of tampering with the U.S. mail and stopping the flow of U.S. mail. I am sure that Corporal D. Gonzales did not do this on her own.

It is evident that the focus of Green's allegations is on the alleged conduct of defendants Rucker and Doyle. Even assuming that Gonzales did delay the delivery of mail from February 7 until February 11 (two days of which fell on a weekend), Green does not allege that she opened, tampered with, or impeded his mail. Further, he does not allege that the delay in sending out the mail caused him to sustain any harm. Green has set forth no claim that such delay hampered his access to court, nor has he alleged that defendant Gonzalez censored the communications.[13]

Thus, this Court holds that Green's claim against Gonzalez based on the delay in delivery of his legal mail, without claiming either that the alleged delay caused him actual injury by hindering his efforts to pursue a legal claim, or that the materials were censored by such defendant, does not amount to a cognizable claim of violation of a constitutional right and must be dismissed under 28 U.S.C. § 1915A(b)(1) and under 28 U.S.C. § 1915(e)(2)(B)(ii).

Therefore, Plaintiff's claims against defendant Diana Gonzales

---

[13]*See generally Wolff v. McDonnell,* 418 U.S. 539, 575-76 (1999)(noting in the context of prison officials' review of legal mail "that freedom from censorship was not the equivalent of freedom from inspection or perusal").

5

are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[14]

SIGNED June 20, 2013.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[14]Green's claims against Rucker, Doyle, and Murman all remain pending. Green will be allowed to complete summonses for service upon these defendants through a separate order issued this same day.